# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

RE:   WAYNE BLACK                                                CASE NO: 20-11143 - JDW

DEBTOR                                                                        CHAPTER:  13

## MISSISSIPPI DEPARTMENT OF REVENUE'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM

**COMES NOW** the Mississippi Department of Revenue ("MDOR"), by and through counsel, and files its Response ("Response") to *Objection to Proof of Claim # 8-1* (Dkt. No. #32) ("Objection") by the Debtor. In support of its Response, the MDOR states the following:

1.    The Court should overrule the Objection because it omits any evidence that would overcome the presumption of correctness granted through Proof of Claim # 2 ("POC") and the underlying assessments.

2.    A proof of claim filed under the Bankruptcy Rules constitutes prima facie evidence of the validity and the amount of the claim. Fed. R. Bank. P. Rule 3001(f); *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258 (5th Cir. l998). To rebut this presumption, the objecting party must present enough evidence to overcome the prima facie effect. Mere assertions by the taxpayer are insufficient to meet this burden. *In re Hollars*, 198 B.R. 270 (Bankr. S.D. Ohio 1996) (conclusory statements are insufficient to rebut the presumed validity of a claim.)

3.    "[T]he burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it." *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 26 (2000). The substantive laws at issue in this Objection are the tax laws of Mississippi. Those laws impose the burden on the taxpayer to provide evidence competent enough to overcome the prima facie correctness of an assessment. Miss. Code Ann. §27-7-53. Also see: *In re Blalock*, 537 B.R. 284 (Bankr. S. D. Miss. 2015).

4.	Because MDOR's records reflect that the Debtor failed to comply with its obligation under Miss. Code Ann. § 27-7-31 to timely file his 2014 tax return, MDOR issued an audit assessment under Miss. Code Ann. § 27-7-53(2) for that tax year based on available wage information and other income. MDOR then filed the Proof of Claim for the assessed amounts.

5.	MDOR reserves the right to amend this Response prior to the hearing and the right to raise additional arguments or modify these arguments at the hearing on this matter.

**WHEREFORE**, the Mississippi Department of Revenue requests that the Court enter an order (1) denying the Objection, and (2) allowing MDOR's Proof of Claim # 8-1 as filed. The Mississippi Department of Revenue also requests such other relief to which it is entitled.

September 24, 2020

Respectfully submitted,

BY:    /s/

Sylvie D. Robinson (MSB # 8931)
Mississippi Department of Revenue
Post Office Box 22828
Jackson, MS 39225
Telephone: 601-923-7414
Facsimile: 601-923-7423
E-mail: sylvie.robinson@dor.ms.gov

## CERTIFICATE OF SERVICE

I, Sylvie D. Robinson, attorney for the Mississippi Department of Revenue, hereby certify that I served this day by ECF or regular mail a true and correct copy of the foregoing *Response to Debtor's Objection to Claim* to:

US Trustee (ECF)

Chapter 13 Trustee (ECF)

Debtor's Attorney (ECF)
Robert Lomenick

Debtor (Regular Mail)
Wayne Black
307 Section Line Rd
Como, MS 38619-6279

Date: September 24, 2020

BY: /s/ *Sylvie D. Robinson*